UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| AMIE O'BOYLE, | ) |
| Plaintiff, | ) Civil Action No. 5: 23-061-DCR |
| V. | ) |
| MADISON COUNTY, KENTUCKY, et al., | ) **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) |

*** *** *** ***

Plaintiff Amie O'Boyle filed this action on February 23, 2023, asserting claims against Defendants Madison County, Kentucky ("Madison County" or "the County") and employees of the Madison County Detention Center ("MCDC"). [Record No. 1] The Court granted O'Boyle's motion to file a First Amended Complaint on April 19, 2023. [Record No. 10] O'Boyle alleges that the defendants violated her rights under federal and state law when they deprived her of adequate medical treatment. [*Id.* at pp. 3-5] She contends that Madison County should be held liable for implementing a policy that prohibited mentally ill inmates from receiving proper medication. [*Id.* at p. 4]

The County has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. [Record No. 12] The motion will be granted for the reasons that follow.

I.

O'Boyle describes herself as a "successful nurse and mother of three (3) with a documented history of mental health issues." [Record No. 10, ¶ 13] She was arrested on

- 1 -

August 20, 2021, for careless driving, disregarding a traffic light, operating a motor vehicle under the influence of a controlled substance, and resisting arrest. [Record No. 10, ¶ 12] O'Boyle explains that she "experience[ed] a mental break at the time of her traffic violations," which caused her to "grab[] onto the [arresting] officer, . . . sweat[] profusely . . . act[] erratic[ally] and mak[e] incoherent statements" during her arrest. [*Id.* at ¶¶ 13, 14] She was detained at the MCDC after being transported to the hospital for a blood test. The test results were negative for the presence of any alcohol or other illegal substances. [*Id.* at ¶¶ 15, 17, 18]

O'Boyle claims that MCDC employees failed to respond to her "severe mental health needs" during her six month period of detention, despite being "informed that [she] suffered from PTSD, Bipolar Disorder, and anxiety." [*Id.* at ¶ 25] Specifically, the plaintiff contends that MCDC employees deprived her of effective treatment by failing to utilize a psychologist and by refusing to provide necessary medication. [*Id.* at ¶¶ 20, 42] O'Boyle claims that jail personnel acted pursuant to County policy "that required no controlled substance medications would be given to inmates suffering from mental health issues" when denying her requests for medication. [*Id.* at ¶ 21] She further alleges that jail employees "acted maliciously and oppressively" while she was incarcerated by "physically assault[ing her] with pepper spray," "strip[ping her] naked, ha[ving] her water cutoff, and [leaving her] to wallow in her own feces." [*Id.* at ¶¶ 29, 37-38]

The MCDC reported on August 22, 2021, that the plaintiff had a "[s]erious mental health condition that may need attention." [*Id.* at ¶ 18] Jail personnel conducted a follow-up evaluation with O'Boyle on September 1, 2021, and initiated the process to transfer her to Eastern State Hospital for further treatment. [*Id.* at ¶ 19] But efforts stalled until January 21,

2022, when the plaintiff's husband paid for an independent forensic psychological report. [*Id.* at ¶ 24]

Following receipt of the psychological report, the MCDC petitioned the Madison County District Court to determine whether O'Boyle was disabled under KRS § 202A. [*Id.* at ¶ 27] The district court found that the plaintiff was disabled and transferred O'Boyle to Eastern State Hospital. [*Id.* at ¶¶ 27] She was released from the hospital two weeks later and her charges were dismissed. [*Id.* at ¶ 30]

O'Boyle filed this action under 42 U.S.C. § 1983, asserting four claims against Madison County and MCDC employees in their individual capacities. First, she claims that the defendants violated her rights under the Eighth and Fourteenth Amendments to the Federal Constitution when they exhibited deliberate indifference to her serious medical needs and "subjected [her] to excessive force [and] humiliation" while she was detained (Count 1). [*Id.* at ¶¶ 48-50] In Count 2, she alleges that the defendants' deliberate indifference violated her rights under Section 17 of the Kentucky constitution. [*Id.* at ¶¶ 51-53] Next, O'Boyle contends that the individual defendants committed medical negligence under Kentucky law when they failed to properly treat her, and that Madison County is vicariously liable for that negligence (Count 3). [*Id.* at ¶¶ 54-58] Finally, she seeks injunctive relief against Madison County (Count 5), requesting that the Court direct it to implement "training, supervision, or other appropriate safeguards to make sure that mentally ill inmates are treated with respect and dignity." [*Id.* at ¶¶ 63-67]

## II.

Federal pleading standards demand "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal

Rules of Civil Procedure provides that a court may dismiss a party's claim when the party fails to "state a claim upon which relief can be granted." Courts reviewing a motion to dismiss must accept all "well-pleaded factual allegations" as true and "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). This standard requires "either 'direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory.'" *Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F. Supp. 3d 764, 772 (E.D. Ky. 2017) (quoting *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014)). Dismissal is warranted when this standard is not satisfied.

### III.

Madison County argues that O'Boyle's claims asserted against it should be dismissed for lack of standing. "For a dispute to qualify as an Article III 'case' that a federal court may resolve, the plaintiff who brings the dispute to the court must have 'standing.'" *CHKRS, LLC v. City of Dublin*, 984 F.3d 483, 488 (6th Cir. 2021) (citation omitted). And to establish standing, a plaintiff must demonstrate that she "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Regarding the first prong, a plaintiff must show that she suffered an injury in fact that is "concrete and particularized." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009). Further, a plaintiff seeking injunctive or declaratory relief must demonstrate that she is under

threat of suffering an injury, and that the threat is "actual and imminent, not conjectural or hypothetical." *Id.* A plaintiff's "'[p]ast exposure to illegal conduct . . . unaccompanied by any continuing, present adverse effects,' will not suffice to establish a present 'case or controversy'" in the context of a claim for injunctive relief. *Sumpter v. Wayne Cnty.*, 868 F.3d 473, 491 (6th Cir. 2017) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)).

In *Sumpter*, the United States Court of Appeals for the Sixth Circuit held that a plaintiff who claimed that a series of strip searches conducted at a county jail violated her Fourth Amendment rights lacked standing to seek injunctive relief against the county. *Id.* It concluded that the plaintiff had not demonstrated a sufficient "likelihood of future injury" because she initiated the action when she was no longer detained, and she provided no information suggesting that she would ever return to jail. *Id.* Because the plaintiff did not "demonstrate a 'sufficiently real and immediate' threat of being subjected to group strip searches at the Wayne County Jail again," the court dismissed her claims for injunctive relief for lack of standing. *Id.* (citing *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974)).

The facts of *Sumpter* closely resemble the present case. Like in *Sumpter*, O'Boyle admits that she is exclusively seeking injunctive relief against Madison County for conduct that occurred while she was detained at the MCDC. [*See* Record No. 10, p. 11 (requesting "Injunctive/Compulsory Relief requiring [the MCDC] to permit the use of controlled substances for the care of mentally ill inmates . . [and] to properly train its staff in the proper care and treatment of mentally ill inmates"); Record No. 6, p. 2 (noting that "the only available relief is injunctive as to [Madison County]").] Also like the plaintiff in *Sumpter*, O'Boyle filed her Complaint after leaving the MCDC. [*See* Record No. 13 (recognizing that the plaintiff "is not incarcerated at this time").] The plaintiff also does not allege that she is likely to return to

jail, and the Court assumes that she will not. *See Sumpter*, 868 F.3d at 491 (noting that courts should "assume that plaintiff 'will conduct [her] activities within the law and so avoid . . . exposure to the challenged course of conduct'"); *see also Jackson v. Cuyahoga Cnty.*, No. 1:20-CV-02649, 2021 WL 2018853, at *12 (N.D. Ohio May 20, 2021) (finding no standing for injunctive relief claim against county jail because plaintiffs did "not allege that they are currently incarcerated in [the jail] or that they filed their Complaint while incarcerated" and noting that the court "assumes that Plaintiffs do not intend to return to [jail]"). Because O'Boyle has not alleged that she is under a "sufficiently real and immediate threat" of future harm from the County or MCDC employees, she has not met her burden of establishing standing to bring a claim for injunctive relief. *O'Shea*, 414 U.S. at 496.

O'Boyle's arguments to the contrary are unpersuasive. The plaintiff claims that she has standing under *Gerstein v. Pugh*, a case in which the Supreme Court held that a plaintiff who was no longer detained could challenge the state's failure to provide a prompt judicial hearing for pretrial detainees. 420 U.S. 103 (1975). The *Gerstein* Court held that the plaintiff had satisfied the "injury in fact" requirement because he sought relief on behalf of a certified class. *Id.* at 110 n.11. The Court reasoned that, even if the named plaintiff was not likely to be harmed again, by seeking relief on behalf of similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure, he had guaranteed "the constant existence of a class of persons suffering the [claimed] deprivation." *Id*. O'Boyle also points to *Lewis v. Tully*, a case from the Northern District of Illinois in which the court found that a plaintiff had standing to challenge conduct that occurred while he was detained, despite no longer being in custody. 99 F.R.D. 632, 638 (N.D. Ill. 1983).

*Gerstein* and *Lewis* are distinguishable, however.  The plaintiffs in both cases sought injunctive relief as named plaintiffs in a class action.  [*See* Record No. 14, pp. 3-4.]  And the Supreme Court has recognized that *Gerstein*'s exception to the injury in fact requirement does not apply "outside the class action context."  *United States v. Sanchez-Gomez*, 138 S. Ct. 1532, 1534 (2018).  Next, in *Lewis*, the district court explicitly recognized that the plaintiff satisfied the injury in fact prong only because he sued on behalf of a certified class.  99 F.R.D. at 639 (recognizing that the "existence of probable future harm to the class can satisfy the personal stake requirement of article III even if the named plaintiff(s) do not meet article III's requirements").

By contrast, O'Boyle has not sought relief *via* a class action.  Although her response to the defendant's motion contains factual allegations that she is suing on behalf of "inmates suffering from mental health concerns," she has not invoked "any formal mechanism[] for aggregating [her] claims" under Rule 23 of the Federal Rules of Civil Procedure.  [Record No. 13, p. 6] *See Sanchez-Gomez*, 138 S. Ct. at 1539.  Because her case does not possess "the particular traits of [a] Rule 23 class action,"  she may not rely on *Gerstein* and *Lewis* to satisfy the injury in fact requirement.  Thus, standing is lacking here.

Alternatively, O'Boyle's claims may be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because the plaintiff failed to perfect service against the County.  Under Rule 12(b)(5), a court may dismiss an action for "insufficient service of process."  Rule 4(j)(2) of the Federal Rules of Civil Procedure states that a "municipal corporation . . . must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Kentucky law provides

that a county may be served by "serving the county judge or, if he is absent from the county, the county attorney." Ky. C.R. 4.04(7). Kentucky courts have dismissed a plaintiff's claims with prejudice when the plaintiff fails to provide sufficient service of process under state law. *See, e.g., LeBlanc v. Hagan*, No. 1:16-CV-00178, 2017 WL 2779490, at *4 (W.D. Ky. June 27, 2017) (dismissing plaintiffs' claims against the county because they "merely mailed the summons and Complaint to the County Attorney's office, but did not serve the county judge or show that the judge was absent").

In the present case, O'Boyle mailed a copy of the Summons and Complaint to the Madison County Attorney. However, she has not established that the county judge was absent, as Kentucky Rule 4.04(7) requires. [*See* Record No. 3, pp. 1-2.] O'Boyle also neglected to provide any information indicating that she complied with service requirements under Kentucky law in her response to the defendant's motion to dismiss.[1]

**IV.**

Based on the foregoing analysis and discussion, it is hereby

**ORDERED** that Defendant Madison County, Kentucky's motion to dismiss [Record No. 12] is **GRANTED**. Plaintiff Amie O'Boyle's claims asserted against Madison County, Kentucky are **DISMISSED,** and this defendant is **TERMINATED** as a party to this action. This dismissal does not affect the remaining claims asserted against Defendants Steve Tussey, Deanna Anglin, Austin Pingleton, Michael Pingleton, and John Does (1-10).

---

[1] Because O'Boyle's claims against Madison County will be dismissed for lack of standing and insufficient service of process, the Court declines to address the remaining arguments contained in the defendant's motion to dismiss: namely, that the plaintiff failed to state a claim for relief under federal and state law, that her state law claims are barred by sovereign immunity, and that she has no cause of action for her claims alleging violations of the Kentucky Constitution. [*See* Record No. 12-1, pp. 6-11.]

Dated: June 13, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky