UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| AMIE O'BOYLE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-061-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MADISON COUNTY, KENTUCKY, | ) | **MEMORANDUM OPINION** |
| et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendants Deanna Anglin, Austin Pingleton, and Michael Pingleton have filed an unopposed motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. [Record No. 48] The defendants are deputy jailers ("deputy jailers") at the Madison County Detention Center ("Detention Center") in Madison County, Kentucky. Plaintiff Amie O'Boyle originally filed suit against Madison County and its employees on February 23, 2023, claiming that she was deprived of medical care while detained at the Detention Center. [Record Nos. 1, 6, and 9] O'Boyle later filed an Amended Complaint joining the deputy jailers as defendants in their individual capacities and asserting force-related claims against them. [Record Nos. 6 and 9]

The Court previously dismissed some of O'Boyle's claims against the deputy jailers, including claims of § 1983 deliberate indifference, violations of the Kentucky Constitution, and state law negligence. [Record No. 38] To determine whether the remaining claims of excessive force and battery against them were timely pleaded or time barred, the Court granted the deputy jailers' motion to expedite discovery. [Record No. 26]

- 1 -

The deputy jailers' motion for summary judgment will be granted because no genuine issue of material fact exists regarding O'Boyle's untimely filing outside the applicable statute of limitations.

## Background

Amie O'Boyle was arrested on August 20, 2021, for careless driving, disregarding a traffic light, operating a motor vehicle while under the influence of a controlled substance, and resisting arrest. [Record No. 10] She was taken to the Detention Center where officials "knew that O'Boyle had a serious mental health condition for which she needed medication." [Record No. 23] But O'Boyle was allegedly detained inexplicably for months without her medication. On January 21, 2022, officials at the Detention Center file a petition for a hearing to declare her disabled only after O'Boyle's husband paid for a forensic psychological expert to confirm her mental condition. Shortly thereafter, O'Boyle was transferred to Eastern State Hospital for brief psychological treatment before being released. *Id*.

O'Boyle claims in her Amended Complaint that "she was stripped naked, had her water cut off, and was left to wallow in her own feces because she was forced to use the toilet for drinking water" during her detention. [Record No. 10] She also claimed that the deputy jailers pepper sprayed and tortured her. As a result of the foregoing allegations, O'Boyle pleaded a variety of claims against the deputy jailers, including excessive force and battery.

## Legal Standard

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Scola v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 463-64 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). When determining whether summary judgment is appropriate, a court must resolve all

ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, "not every issue of fact or conflicting inference presents a genuine issue of material fact." S*treet v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The "mere possibility" of a factual dispute is insufficient. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)).

To avoid summary judgment, the nonmoving party must present "'evidence on which the jury could reasonably find'" in its favor. *See Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

## Analysis

The issue before the Court is whether O'Boyle's remaining claims against the deputy jailers were timely pleaded. Applicable law indicates that these claims are subject to a one-year statute of limitations. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("Section 1983 actions in Kentucky are limited by the one-year statute of limitations found in § 413.140(1)(a)"); *see also* KRS 413.140(1)(a) (actions for personal injury).

O'Boyle's statute of limitations began to run on her Section 1983 claims of excessive force "when the reasonable person knows, or in the exercise of due diligence should have known, both [her] injury and the cause of that injury." *Bishop v. Child's Ctr. for Developmental Enrichment*, 618 F.3d 533, 536 (6th Cir. 2010) (quoting *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001)). Therefore, the limitations period for filing excessive force claims began to run on the date of the alleged use of force by the deputy jailers. *See Hodge v. City of Elyria*, 126 F. App'x 222, 225 (6th Cir. 2005). Likewise, the

statute of limitations for claims of battery under Kentucky law commences on "the date of the encounter." *See Gibson v. Slone*, 2011 WL 2009815, at *1 (E.D. Ky. May 23, 2011).

O'Boyle has never indicated the dates on which the excessive use of force or battery occurred, claiming she is unable to recall the exact dates based on her psychological state at the time. However, after a period of expedited discovery, the deputy jailers concluded that "[t]he latest date on which the deputy jailers could have [allegedly] pepper sprayed and tortured O'Boyle . . . is February 28, 2022." O'Boyle's answers to interrogatories confirm that she was released from the Detention Center, where the deputy jailers are employed, on that date.

Therefore, with a one-year statute of limitations, O'Boyle could have pleaded the instant claims against the deputy jailers up until February 28, 2023. But she did not plead them within that window. O'Boyle sought leave to amend her complaint to join the deputy jailers as defendants on March 20, 2023, or more than one year after the final date on which they could have battered or used excessive force against her. *See Shillman v. U.S.*, 221 F.3d 1336 (Table) WL 923761, at *6 (6th Cir. June 29, 2000) ("If a motion to amend is granted, the complaint is deemed amended as of the date the proponent of the amendment sought leave to amend, and not when the request is actually granted."). Therefore, her claims against the deputy jailers were untimely filed.

As the defendants emphasize, "an amendment which adds a new party creates a new cause of action and there is no relation back to the original filing for purposes of limitations." *Asher v. Unarco Material Handling, Inc.*, 596 F.3d 313, 318 (6th Cir. 2010); FED. R. CIV. P. 15(c). The deputy jailers were only joined as defendants in the Amended Complaint, which created a new cause of action as a result. Likewise, Rule 15(c)(1)(B) prevents relating the

claims pleaded in her Amended Complaint back to the original Complaint because O'Boyle only raised claims relating to an alleged deprivation of health care at first. FED. R. CIV. P. 15(c)(1)(B). The inescapable conclusion is that O'Boyle's claims of excessive force and battery against the deputy jailers are time barred.

The doctrine of equitable tolling may spare claims filed outside the statute of limitations if the litigant establishes: (1) she has been pursuing her rights diligently and (2) some extraordinary circumstance stood in her way of pleading the claims in a timely fashion. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). But the Supreme Court has emphasized that the doctrine should be applied "sparingly." *See, e.g., Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

Here, O'Boyle has failed to demonstrate diligence in pursuit of her claims against the deputy jailers based on a variety of procedural deficiencies at nearly every step of this case. This Court recognizes that a defense involving equitable estoppel could raise fact issues that preclude summary judgment; however, no such assertion has been made. In fact, O'Boyle did not respond to the instant motion for summary judgment. Therefore, heeding the Supreme Court's advice that courts should generally refrain from providing equitable relief unless extraordinary circumstances counsel otherwise, the Court declines to do so here.

Because there are no genuine issues of material fact regarding application of the statute of limitations, The Court concludes that O'Boyle's claims remaining claims against the deputy jailers are time-barred and these defendants are entitled to summary judgment as a matter of law. Being sufficiently advised, it is hereby

**ORDERED** that the motion for summary judgment filed by Defendants Deanna Anglin, Austin Pingleton, and Michael Pingleton [Record No. 48] is **GRANTED**.  All remaining claims against these defendants are **DISMISSED**.

Dated: March 1, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky